*Vance, Merriott, W. P. D. Bush, for appellant.*

*Turner & Trafton, for appellee.*

---

ISAIAH DENT *v.* HENDRICK & HOLT.

**Account—Continuance—Discretion of Court.**

    A court may, in its discretion, allow further time for preparation and to retry the question growing out of accounts between the parties to the suit.

APPEAL FROM FLEMING CIRCUIT COURT.

October 8, 1873.

OPINION BY JUDGE LINDSAY:

The very elaborate, but confused, rambling and disconnected cross-petition setting up a claim for services rendered in purchasing and selling stock "during the rebellion" was properly dismissed. The lapse of time connected with the fact that appellant time and again had the moneys of appellees in his hands, and could at any time retain such amounts as he earned by his services, fully justified the court in concluding that the claims set up in said cross-petition had long since been satisfied. But it seems to us the court erred in rendering judgment on appellees' petition.

The amount for which they sue is an apparent balance remaining against them on the books of the bankers Smith, Wilson & Co., on account of an arrangement by which they allowed appellant to check on said bankers in their name and use the money received on the checks for his own individual benefit. They claim that this balance, which they paid, was $1,519.58, of which sum Dent still owes them $1,169.58.

Dent's answer is not as direct and unequivocal as it should be, but he does say that he is not indebted to appellees in the sum claimed, nor in any sum of money whatever, "nor for any money paid by him to his use and benefit." This last clause of his denial is in effect a denial that they paid the alleged balance to Wilson & Co. for his use and benefit, which does raise an issue of fact. He was not bound to deny that the balance was paid as alleged. He might admit its payment, and controvert the allegation that it was paid to his use. This he in effect did, and appellees so understood his plea. They accepted it as sufficient and introduced testimony, to establish not only the payment of the money, but also the use to which it was paid. Their witness, Wilson, in his first deposition does make out a case for them, showing that from May, 1863, up to the fall of 1864, Dent, in the name of appellees, checked out of his bank in the aggregate over $30,000, and failed to settle a balance of $1,519.58, which appellees paid for him. But in his second deposition he shows that of this $30,000 Hendrick, one of the appellees, checked out about five thousand dollars which was charged up in the account for which Dent was held responsible.

If such be the case it is apparent that Dent does not owe appellees anything, but upon the contrary it may be inferred that they owe him, notwithstanding his promise to Wilson to settle the balance. These promises amount to but little when it is considered that Wilson did not explain the manner in which the balance was obtained.

The question of partnership, and the claim for services in buying and selling stock were both properly settled, but the court erred in rendering judgment. For this reason the judgment is reversed and the cause remanded. The court may, in its discretion, allow further time for preparation and retry the question growing out of the accounts of the parties with Smith, Wilson & Co. In case it does so, either party should be allowed to amend the pleadings relating to this branch of the cause.

*Cord, Huston,* for appellant.

*Phister, Botts,* for appellees.